HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEON LAWSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OCWEN LOAN SERVICING LLC, et al., <br><br> Defendants. | CASE NO. C19-5614RBL <br><br> ORDER DENYING MOTION TO TRO |

THIS MATTER is before the Court on Plaintiff Lawson's Motion for Preliminary Injunction or a TRO[1] [Dkt. # 11], precluding Defendants from conducting a foreclosure sale scheduled for Friday August 30. The Motion was filed August 29. Pro se plaintiff Lawson's complaint details defendants' Ocwen's history of what he claims are statutory and regulatory violations, and its failure to properly account for payments, but it is short on facts related to Lawson's loan. The TRO contains even fewer specific facts. Lawson claims that the note and deed of trust defendants relay upon are not authentic. The bulk of his factual allegations are conclusory:

---

[1] Defendants have responded to the motion. They claim that although they have appeared, Lawson did not notify them of the pending motion. They argue that whatever the merits (which they dispute) a motion to enjoin a trustee's sale requires five days' notice to the trustee. RCW 61.24.130(2).

ORDER DENYING MOTION TO TRO - 1

1. I am disputing the validity of the Deed of Trust referenced by the Defendants. I contest the statement made by the defendants in the documentation received on August 21st, via first class mail.
    a. Defendants claim to have submitted Exhibit A, a true and correct copy of the Note. I disagree and have knowledge and evidence that it is not a true correct copy.
    b. Defendants claim to have submitted Exhibit B, a true and correct copy of the Deed of Trust. I have knowledge and evidence that this is not a true and correct copy.
    c. It is imperative to learn intent of the assignor and any right of the assignee of record.
2. I am listed as a borrower on the letters received from the trustee of record Western Progressive of WA.

***

4. I am the real property owner and have been in possession of the premise for the past 12 years.
5. I have no knowledge of any debt or monies owed, however the Creditor has attempted to unlawfully collect from me personally.
6. There are fraudulent recordings made on record naming Deutsche Bank as trustee for a service pool and certificate trust, dated October of 2016.
7. The loan # referenced by the creditor is not documented and the origin of it I am unaware of.

***

12. The deed of trust is void and both Western Progressive and Deutsche Bank fraudulently misrepresented as having right to enforce.
13. There is a question of attachment to the property that may be resolved by the courts should the order be granted
14. Western Progressive Washington, Inc. and Deutsche Bank have no interest and are in no danger of lost equity.

[Dkt. # 11 at 1-2]

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no

longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006).

For a court to grant a preliminary injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008). The last two factors merge if the government is a party. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). When considering whether to grant this "extraordinary remedy, . . . courts must balance the competing claims of injury and consider the effect of granting or withholding the requested relief, paying particular regard to the public consequences." *Winter*, 555 U.S. at 24.

The Ninth Circuit continues to apply one manifestation of the "sliding scale" approach to injunctions in which "a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1131-32. However, an injunction cannot issue even when there is a strong likelihood of success on the merits if there is just a mere possibility of irreparable harm. *Id.* at 1131 (explaining the holding in *Winter*, 555 U.S. at 22).

Even if the Court assumes, without deciding, that Lawson can establish that the irreparable harm weighed in his favor, the Court must still be satisfied that Lawson has established he is likely to succeed on the merits, that the balance of equities tips in his favor and enjoining the sale is in the public interest.

He has not shown (and cannot show) that he is likely to succeed on the merits of his claims that the Note is not enforceable because he has not seen the original. Courts in this district routinely reject "show-me-the-note" claims. *See, e.g.*, *Mikhay v. Bank of Am., NA.*, 2011 WL 167064, *2–*3 (W.D. Wash. 2011); *Wright v. Accredited Home Lenders*, 2011 WL 39027 (W.D. Wash. 2011); *Pelzel v. First Saving Bank Northwest,* 2010 WL 3814285, at *2 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010); *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D. Wash. 2010). Indeed, the Washington Deed of Trust Act requires that a foreclosing lender demonstrate its ownership of the underlying note to the trustee, not the borrower. RCW 61.24.030(7).

Lawson is not going to succeed on the merits of any claim arguing that the note is unenforceable based on the sale or securitization of his debt. Lawson lacks standing to raise these arguments as he is not a party to the securitization contracts. *See Deutsche Bank Nat. Trust Co. v. Slotke*, 192 Wn. App. 166, 177, 367 P.3d 600 (2016) ("Slotke bases [her] argument on a challenge to Deutsche Bank's compliance with the trust's pooling and servicing agreement, but she lacks standing to raise that issue because she is not a party to or intended third-party beneficiary of that agreement."); *McCarty v. U.S. Bank, N.A.*, No. 11-CV-5078 RBL, 2012 WL 1751791, at *2 (W.D. Wash. May 16, 2012) (dismissing securitization claims on Rule 12 motion); *Canzoni v. Countrywide Bank*, No. C16-5239-RBL, 2016 WL 3251403 (W.D. Wash. June 13, 2016) (same). *See also Cervantes v. Countrywide Home Loans*, 656 F.3d 1034 (9th Cir. 2011) (The "split the note" theory has no sound basis in law or logic.)

Nor has Lawson shown that the equities tip in his favor. He does not claim that he is current on his note; his own documents seem to suggest he has been behind since 2007. He

raises a series of dubious technical defenses to the foreclosure, and it appears that he has lived in the home for some time without paying for it.

The final factor is the public interest. It is true that the public has an interest in ensuring that foreclosures are done properly. Lawson has claimed, but has not demonstrated, impropriety in this case. On the other hand, the public has a broad interest in ensuring that banks can and will continue to make home loans using the homes as collateral. The public interest is not served by enjoining facially proper foreclosure sales. In fact, the opposite is true.

Lawson's Motion for a TRO enjoining the foreclosure sale is DENIED.

IT IS SO ORDERED.

Dated this 29th day of August, 2019.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge